No. 2008.—GEORGE WOOD, Curator, v. PHŒNIX MUTUAL LIFE INSU-
RANCE COMPANY, of Hartford, Connecticut.

A judgment that has been rendered against a life insurance company in favor of one claimant of the policy, can not be invoked by the company as *res judicata* in a suit brought by another claimant, who was not a party to the suit in which it was rendered.  It may, however, be set up in defense to the second action, and the company be permitted to show that they paid to the party legally entitled to the money.

The possession of a printed or written policy of insurance is not conclusive proof of a right to recover the insurance money.  It is merely the evidence of the contract.  The right to the money may be assigned without any reference to the policy.

APPEAL from the Fifth District Court, parish of Orleans.  *Leaumont, J.*  *T. Gilmore*, for plaintiff.  *H. J. Leovy*, for defendant and appellee.

HOWELL, J.    This is a suit by attachment on a policy of insurance, to which the exception of *res judicata* was pleaded, and having been sustained, the plaintiff appealed.

E. D. Collier insured his life in the defendant company in November, 1864, and died in New Orleans, in 1868.    Three parties claimed the money—Mrs. Collier, the mother of the deceased, residing in Ohio; R. F. Goodman, administrator of deceased, appointed in Hartford, Connecticut, and George Wood, the curator, in New Orleans.    Suit was instituted by Goodman against the company at its domicile, in Hartford, whereupon they filed a suit in chancery, in the nature of a bill of interpleader, admitted their indebtedness and willingness to pay, and asked the court, after proper formalities, to decide to whom the money should be paid.    Notice was ordered, and two of the parties—Mrs. Collier, of Ohio, and Goodman, of Hartford—made appearance, and, after hearing, judgment was rendered ordering the company to pay the insurance money, less a small sum, to Mrs. Collier, who claimed as assignee.

While it is true that this judgment can not be invoked as *res judicata* against the plaintiff in this suit, as he was not legally cited, and did not make himself a party to the litigation in which it was rendered, yet it may be set up as a defense, and the company permitted to show that they paid to the party really entitled to the insurance money.

We are not prepared to say that the possession of a written or printed policy of insurance is conclusive proof of a right to recover the insurance money.    Such an instrument is merely the evidence of the con-

tract, and is not negotiable. The right to the insurance may be assigned entirely *dehors* this instrument, and as it appears from the record that the defendants have paid, or been judicially ordered to pay, to a party who asserted a right by assignment, they should have an opportunity to establish the validity of the alleged assignment and payment. Justice, we think, requires the remanding of the case for such purpose.

It is therefore ordered that the judgment maintaining the exception herein, be set aside, the exception overruled, and this case remanded, to be proceeded with in accordance with the views in the foregoing opinion. Costs of appeal to be paid by appellees.

Rehearing refused.